# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| SOUTHCOAST SPECIALTY SURGERY CENTER, INC., *etc.*, <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS OF CALIFORNIA, *etc.*, et al., <br><br> Defendants. | SA CV 21-01944 TJH (KESx) <br><br> Order <br><br> [20]   [JS-6] |

The Court has considered the motion to dismiss filed by Defendant Blue Cross of California, d.b.a. Anthem Blue Cross ["Anthem"] [dkt. # 20], together with the moving and opposing papers.

Plaintiff South Coast Specialty Surgery Center, Inc. ["South Coast"], a weight-loss surgical center, filed this action against Anthem under the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ["ERISA"], to obtain payment for services it provided to over 100 of its patients who were insured by Anthem. South Coast, as the assignee of its patients, alleged a single claim under 29 U.S.C. § 1132(A)(1)(B).

Anthem, now, moves to dismiss for lack of standing and for failing to state a

claim.

Standing is a jurisdictional requirement under Article III of the United States Constitution, and is an "essential and unchanging part of the case - or - controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish that it has standing, South Coast bears the burden to show that: (1) There was an injury in fact that is concrete and particularized, actual or imminent, and not hypothetical or conjectural; (2) There is a causal connection between the injury and the defendant's conduct or omissions; and (3) There is a likelihood that the injury will be redressed by a favorable decision. *See Lujan*, 504 U.S. at 560-561.

In addition to the Article III requirements, there are, also, prudential considerations. *Gonzales v. Gorsuch*, 688 F.2d 1263, 1268 (9th Cir. 1982). Specifically, a plaintiff's claim must be based on the plaintiff's own legal rights and interests, rather than the rights and interests of third parties. *Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1, 12 (2004) (abrogated on other grounds by *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 118 (2014).

The central issue, here, is whether South Coast has standing to bring ERISA claims as the assignee of its patients.

Generally, under 29 U.S.C §§ 1132(a)(1)-(9), only plan participants, beneficiaries, fiduciaries, and the Secretary of Labor may bring a civil action to enforce ERISA rights. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1289 (9th Cir. 2014). Plan participants are those current and former employees of an employer who are eligible to receive benefits from an employee benefit plan. 29 U.S.C. § 1002(7). A beneficiary is any person who is designated by a plan participant and who is, or may become, entitled to benefits from an employee benefit plan. 29 U.S.C. § 1002(8). A fiduciary is a person or entity who exercises discretionary authority or control over the management of an employee benefit plan. 29 U.S.C. § 1002(21)(A). Consequently, healthcare providers are not ERISA participants, beneficiaries or fiduciaries. *See DB Healthcare, LLC v Blue Cross Blue Shield of Ariz., Inc.*, 770 F.3d

1282, 1289 (9th Cir. 2014).

Because healthcare providers lack direct authority, under ERISA, to file suit to recover payments due them for services rendered, *see DB Healthcare*, South Coast can assert ERISA claims, on behalf of its patients, only to the extent that those patients' claims were assigned to it, *see Spinedex Physical Therapy*. Further, a patient's assignment that conveys to a health care provider only the right to directly receive payment from the patient's health insurance company for services rendered does not convey the patient's right to ERISA benefits or the right to sue to enforce those benefits. *DB Healthcare*.

Consequently, because the assignments, here, conveyed to South Coast only the right to receive direct payment from Anthem, South Coast lacks standing to sue Anthem. *See Elk Grove Unified School Dist*.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to dismiss be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉, with prejudice.

Date: July 19, 2022

𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝖘𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊