Amir Shlesinger (SBN 304663)
ashlesinger@reedsmith.com
Carol B. Lewis (SBN 130188)
carol.lewis@reedsmith.com
Jonathan S. Barrera (SBN 340937)
jbarrera@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Blue Cross of California d/b/a
Anthem Blue Cross

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SOUTH COAST SPECIALTY SURGERY CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS OF CALIFORNIA d/b/a Anthem Blue Cross, et al., <br><br> Defendants. | CASE NO. 8:21-cv-01944-TJH (KES) <br><br> **DEFENDANT BLUE CROSS OF CALIFORNIA DBA ANTHEM BLUE CROSS'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINT AND AUTHORITIES** <br><br> Date: December 9, 2024 <br> Time: UNDER SUBMISSION <br> Place: Courtroom 9C <br><br> Compl. Filed: November 29, 2021 <br> FAC Filed: September 16, 2024 <br><br> Hon. Terry J. Hatter, Jr. <br><br> (*Filed concurrently with [Proposed] Order*) |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 9, 2024, in the above-captioned Court, located in the First Street United States Courthouse, 350 West First Street, Los Angeles, CA 90012, Courtroom 9C, Blue Cross of California d/b/a Anthem Blue Cross ("Anthem") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the First Amended Complaint of Plaintiff South Coast Specialty Surgery Center, Inc. ("Plaintiff") for failure to state a claim upon which relief can be granted.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, any evidence or argument presented at the hearing, and all papers on file with the Court.

This motion is made following a conference of counsel pursuant to Local Rule 7-3 which took place on September 24, 2024.

Dated:  October 30, 2024          Respecfully submitted,

REED SMITH LLP

By:/s/ Amir Shlesinger
   Amir Shlesinger
   Carol B. Lewis
   Jonathan S. Barrera

   Attorneys for Defendant
   Blue Cross of California d/b/a Anthem Blue Cross

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND. ................................................................................................ 2

       A.    Procedural History ................................................................................ 2

       B.    The FAC. ............................................................................................... 3

III.  LEGAL STANDARD ......................................................................................... 5

IV.   PLAINTIFF STILL FAILS TO STATE A CLAIM FOR ERISA
       BENEFITS ............................................................................................................ 6

V.    CONCLUSION ................................................................................................. 11

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

*Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*,
    99 F. Supp. 3d 1110 (C.D. Cal. 2015)........................................................2, 6, 7

*Am. Family Ass'n v. City & County of San Francisco*,
    277 F.3d 1114 (9th Cir. 2002) ...................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).....................................................................................5

*B.R. v. Beacon Health Options*,
    2017 WL 5665667 (N.D. Cal. Nov. 27, 2017) .........................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).....................................................................................5

*Brand Tarzana Surgical Institute v. Blue Cross Blue Shield of Illinois*,
    2019 U.S. Dist. LEXIS 238344 (C.D. Cal. Apr. 22, 2019), *aff'd*, 833
    F. App'x 714 (9th Cir. 2021) ...................................................................8, 9

*Coast Plaza Doctors Hosp. v. Arkansas Blue Cross & Blue Shield*,
    2011 WL 3756052 (C.D. Cal. Aug. 25, 2011) ........................................1

*Doe v. CVS Pharm., Inc.*,
    982 F.3d 1204 (9th Cir. 2020) ...................................................................2

*Glendale Outpatient Surgery Ctr. V. United Healthcare Servs., Inc.*,
    805 Fed. App'x 530 (9th Cir. 2020) ..........................................................8

*Mondry v. American Family Mutual Insurance Co.*,
    557 F.3d 781 (7th Cir. 2009) ....................................................................10

*Moran v. Aetna Life Insurance Co.*,
    872 F.2d 296 (9th Cir. 1989) ....................................................................10

*Muniz v. Amec Constr. Mgmt., Inc.*,
    623 F.3d 1290 (9th Cir. 2010) ..................................................................10

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Navarro v. Block*,
    250 F.3d 729 (9th Cir. 2001) ..................................................................5

*New Method Wellness, Inc. v. Cigna Healthcare of Cal., Inc.*,
    2017 U.S. Dist. LEXIS 222246 (C.D. Cal. Jan. 4, 2018)..........................6

*RMP Enterprises, LLC v. Connecticut General Life Ins. Co.*,
    2018 WL 6110998 (S.D. Fla. 2018) .................................................7, 10

*Sanctuary Surgical Center, Inc. v. UnitedHealth Group, Inc.*,
    No. 10-81589-CIV-HURLEY, 2013 WL 149356 (S.D. Fla. 2013)........6, 7

*Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.*,
    2018 U.S. Dist. LEXIS 199045 (C.D. Cal. Jan. 4, 2018).........................10

*South Coast Specialty Surgery Center, Inc. v. Blue Cross of California*,
    Dkt. No. 38, No. 22-55717 (9th Cir. 2024) .............................................2

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ................................................................5

*Warmenhoven v. NetApp, Inc.*,
    13 F.4th 717 (9th Cir. 2021) ..................................................................10

**Statutes**

29 U.S.C. § 1002(16)(A) ...............................................................................10

29 U.S.C. § 1021(a) .......................................................................................10

29 U.S.C. § 1024(b)(4) ..................................................................................10

29 U.S.C. § 1132(a)(1)(B) ...............................................................................6

**Regulations**

29 C.F.R. § 2560.503-1 (1)(g) .......................................................................10

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– iii –

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff, an out-of-network surgical center, asserts a single cause of action against Defendant Blue Cross of California d/b/a Anthem Blue Cross ("Anthem") for recovery of ERISA plan benefits under 29 U.S.C. § 1132(a)(1)(B) with respect to 65 individual claims[1] for medical services that Plaintiff alleges are covered by ERISA plans. Plaintiff acknowledges, however, that out of the 65 claims at issue, 48 of them involve plans that are not sponsored, issued, or administered by Anthem. Nonetheless, Plaintiff pursues claims against Anthem with respect to these alleged ERISA plans solely because Anthem purportedly acts as the "sole contact" for claims processing under the BlueCard Program.[2]

Anthem previously moved for judgment on the pleadings because the original Complaint failed to state a valid ERISA claim and because a significant portion of the patient claims at issue were time-barred.  *See* Dkt. No. 41.  On September 5, 2024, this Court issued an Order ("Order") (1) granting judgment on the pleadings as to certain patient claims as time-barred, and (2) dismissing the Complaint with leave to amend as to the remaining patient claims for failure to state an ERISA claim because Plaintiff failed to identify any ERISA plan provisions in its Complaint. Dkt. No. 49.  Plaintiff has now filed a First Amended Complaint ("FAC") but the amended pleading falls well short of curing the defects of the original Complaint described in the Order.

Although Plaintiff now identifies the ERISA plans by name, it still does not identify specific terms in any of those plans that would entitle it to the rights or benefits sought. This omission is fatal to Plaintiff's ERISA claim for benefits. The Ninth Circuit

---

[1] In the original complaint, there were approximately 150 separate claims at issue. South has since dropped approximately 85 patient claims presumably because those claims were determined to be time-barred.

[2] BlueCard is a national program that enables members of one BCBS Plan to obtain healthcare services while traveling or living in another BCBS Plan's service area. Medical providers who treat Blue Cross and Blue Shield members submit claims for payment directly to the local Blue Cross and/or Blue Shield plan. *Coast Plaza Doctors Hosp. v. Arkansas Blue Cross & Blue Shield*, 2011 WL 3756052, at *1 (C.D. Cal. Aug. 25, 2011); FAC ¶ 11.

- 1 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

is clear that "[t]o plead a violation of the [ERISA] statute, a plaintiff must identify 'the provisions of the plan that entitle [them] to benefits.'" *Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1213 (9th Cir. 2020) *citing Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015)). Instead, South Coast attempts to make much of the BlueCard Provider Manual document, suggesting that it governs Anthem's interaction with other Blue plans nationwide. Whether accurate or not, South Coast's characterization of and reliance on the BlueCard Provider Manual to attempt to cure its defect is puzzling because nowhere in the Manual or in the FAC are there any allegations that the Manual is an ERISA plan; it is not.

As it is now clear that Plaintiff does not –and cannot – cure this defect, the FAC should be dismissed with prejudice.

## II.    BACKGROUND.

### A. Procedural History

Anthem previously moved to dismiss the complaint on several independent grounds including lack of standing, failure to state a claim, and that some of Plaintiff's claims are barred by the relevant statute of limitations. *See* Dkt. No. 20. On July 19, 2022, this Court granted Anthem's motion to dismiss on the sole basis that Plaintiff lacked standing to sue Anthem under ERISA. *See* Dkt. No. 30. In its order dismissing the Complaint, the Court did not reach any of the other grounds for dismissal raised in Anthem's motion. *Id.* On July 27, 2022, Plaintiff appealed the order of dismissal. *See* Dkt. 32.

The Ninth Circuit subsequently reversed the order dismissing the case, finding that Plaintiff had standing to pursue its claims against Anthem. *See generally* Filed Opinion, *South Coast Specialty Surgery Center, Inc. v. Blue Cross of California*, Dkt. No. 38, No. 22-55717 (9th Cir. 2024). The Ninth Circuit did not reach any of the alternative grounds raised in Anthem's motion to dismiss and did not give instructions to the district court on how to proceed on remand. *Id.* Pursuant to this Court's order of

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

February 6, 2024, Anthem filed an answer to the Complaint on February 29, 2024. Dkt. Nos. 38 and 39. Anthem then filed motion for judgment on the pleadings. Dkt. Nos. 41.

The Court granted the motion to the extent that South Coast's ERISA claim "is based on services for which Anthem denied payment on or before November 28, 2017" as "barred by the four year statute of limitations." Dkt. No. 49. To the extent South Coast's ERISA claim is based on services for which Anthem denied payment on or after November 29, 2017, the Court denied the motion for judgment on the pleadings and instead dismissed those claims without prejudice for failure to state a claim because "South Coast failed to identify any ERISA plan provisions in its Complaint." *Id*. South Coast then filed the instant FAC.

**B. The FAC.**

Although Plaintiffs' FAC has been expanded to 33 pages, it delivers little new relevant or substantive content over and above its prior failed Complaint. Indeed, a good portion of the allegations in the SAC are a rehash of the original Complaint.

The FAC makes the same allegations about having been placed on "on pre-payment review" which, according the South Coast, resulted in the denial of claims "on no grounds at all, or on nebulous grounds such as 'general industry standards' that bore no relationship to the ERISA Plans at issue in this case." FAC, ¶¶ 23- 28.

South Coast's allegations relating to the BlueCard program are also not materially different in substance than those alleged in the Complaint. In that regard, South Coast again alleges that Blue Card ". . . links physicians, facilities and other healthcare professionals and independent Blue Cross and/or Blue Shield Plans, across the country and abroad with a single electronic network for claims processing and reimbursement." *Id*. According to the FAC, "[t]his integrated and nationwide claims handling service is one of the hallmarks of the Blue Cross Blue Shield system, and through their Blue Card Program, BCBS entities throughout the United States link their claims handling functions together by way of a single electronic network for processing

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

and reimbursement of medical provider billings." *Id.* ¶ 13. Additionally, and just as it
did previously, South Coast alleges Anthem "did not follow the Blue Card Program
structure and framework in connection with some of the out-of-state ERISA Plan claims
at issue in this case." FAC, ¶ 16. What is new here is South Coast's allegation that
Anthem is the "sole contact" with providers for claims under the BlueCard Program,
rather than the "point of contact" as Anthem was previously alleged to be in the
Complaint.

In terms of alleging material new matter to cure the actual defects in its
Complaint, despite having been granted leave to amend to plead plan terms, South Coast
fails to allege any. Rather, it provides only generalized conjecture about what
reimbursement methodologies the plans might contain. In that regard, South Coast
alleges on information and belief that "the ERISA Plans at issue, in this case, *may* call
for payment in accordance with one of the following as a methodology for calculating
the payment and do not call for directing claims to third-party pricing companies[3]:
"Percentage of Medicare Rate", "UCR RATE" "Allowed Amount" and/or "Eligible
Expense." FAC, ¶ 51(c), emphasis added.  South Coast further alleges on information
and belief that "in each and every instance where partial payment was provided, Anthem
Blue Cross has provided payment, Anthem has ignored the methodology identified in
the Plan as the basis for payment of Plaintiff's claims and has paid the claims in
accordance with Anthem's own choosing." *Id.*

South Coast again alleges that its submitted claims to Anthem for the services,
but now asserts that its billed charges submitted "were in all instances usual, customary
and reasonable . . . in accordance with the charges of other medical service providers in
the community who provided healthcare services that might be considered comparable
to those provided by South Coast, " and that Anthem has "abused its discretion and

---

[3] South Coast now alleges that some of the claims were "directed" to a third party repricing company
for pricing and payment, but tellingly, fails to identify which claims were purportedly repriced.  In
fact, South Coast does not allege that any patient claims at issue were actually repriced or paid at the
repriced rate at all. FAC, ¶ 51(b).

— 4 —

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

acted in an arbitrary and capricious manner by failing and refusing to honor and pay South Coast's claims in accordance with ERISA requirements, practices, and provisions." FAC, ¶ 47.

## III.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id*. at 679.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## IV.    PLAINTIFF STILL FAILS TO STATE A CLAIM FOR ERISA BENEFITS.

"A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Here, this Court dismissed South Coast's ERISA claim for benefits because "South Coast failed to identify any ERISA plan provisions in its Complaint."  *See* Order, Dkt. 49, p. 4-5, *citing Doe*, 982 F.3d at 1213 (affirming dismissal of ERISA claim because plaintiffs failed to identify a specific term in their health care plan conferring the prescription drug benefits they claim were denied).

Contrary to this Court's instructions, the FAC still fails to identify any specific plan provision or term entitling it to benefits or additional benefits. To the contrary, South Coast alleges only that Anthem and/or one of the out-of-state Blue plans represented that South Coast was eligible to receive benefits, but it alleges no coverage provisions in any plan entitling it to the benefits sought. South Coast then proceeds to speculate about the types of the reimbursement methodologies the plans might contain and alleges that each alleged underpayment is at odds with the plans' (hypothetical) methodologies. FAC, ¶ 41, 51. That is not good enough.

As this Court noted in its Order, to state a claim for ERISA benefits, South Coast "must allege sufficient plan provisions so that a reasonable person could ascertain from the complaint the plan's intended benefits, the class of beneficiaries, the source of financing, and the procedures for receiving benefits." *See* Order, p. 4, Dkt, No. 49, *citing Almont*, 99 F. Supp. 3d at 1155.[4]

Notably, in *Almont*, the court considered at length another decision, *Sanctuary Surgical Center, Inc. v. UnitedHealth Group, Inc.* ("*Sanctuary Surgical*"), No. 10-

---

[4] *See also New Method Wellness, Inc. v. Cigna Healthcare of Cal., Inc.*, 2017 U.S. Dist. LEXIS 222246, at 8 (C.D. Cal. Jan. 4, 2018) (allegations regarding reimbursement methodology "not clear enough" where "they don't allow an understanding of how the providers' rates are calculated and what proportion of the costs would be covered by the insurer or by the member"); *B.R. v. Beacon Health Options*, 2017 WL 5665667, at *9-10 (N.D. Cal. Nov. 27, 2017) (plaintiff must allege plausible facts showing they were owed benefits under the applicable plan).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

81589-CIV-HURLEY, 2013 WL 149356, at*3 (S.D. Fla. 2013), a case closely resembling the one before it.  99 F. Supp. 3d at 1155-1159.  In *Sanctuary Surgical*, the court dismissed a mass action for benefits under ERISA plans relating to 996 member claims.  Although the plaintiffs had cited "covered health services" language from some limited selection of plan documents, they had not alleged whether the 996 claims corresponded to those exemplar plans or other plans not cited or described in the complaint.  Nor did they attach full plan documents or cite any of the "exclusionary" plan language.  *Id.* at *5. Because they failed to allege "a precise description of the relevant coverage and exclusionary language of all plans" and show how the services were covered under that language, they failed to state a viable claim for relief.  *Id.* at *6; *accord RMP Enterprises, LLC v. Connecticut General Life Ins. Co.*, 2018 WL 6110998, at *6 (S.D. Fla. 2018).

While the *Almont* court noted that the pleading requirement imposed by the *Sanctuary Surgical* court was "stringent," it ultimately concluded that plaintiffs had failed to meet their pleading burden and provided them with leave to amend with the following instructions:

> Plaintiffs will have to plead that for **each plan**, the terms of the plan: (1) provide coverage for each of the procedures at issue in this case; and (2) dictate that these covered services would be paid according to a specific reimbursement rate (such as the reasonable and customary fees for services charged by outpatient surgical centers), **which must be specified**. Plaintiffs should then allege that Defendants failed to reimburse for the covered services provided by Plaintiffs according to this reimbursement rate provided in the plans.

99 F. Supp. 3d at 1159 (emphasis added).

In another case, a Ninth Circuit panel recently affirmed a district court's finding that a plaintiff failed to state a claim because it did not "identify: . .  any plan terms that

– 7 –

specify benefits that the defendants were obligated to pay but failed to pay." *Glendale Outpatient Surgery Ctr. V. United Healthcare Servs., Inc.,* 805 Fed. App'x 530, 531 (9th Cir. 2020). That court affirmed dismissal because the deficiencies were "exacerbated" by the plaintiff's decision "to lump 44 separate events … into a single set of generalized allegations." *Id.*

The court recently faced a similarly deficient complaint in *Brand Tarzana Surgical Institute v. Blue Cross Blue Shield of Illinois*, 2019 U.S. Dist. LEXIS 238344 (C.D. Cal. Apr. 22, 2019), *aff'd*, 833 F. App'x 714 (9th Cir. 2021). There, Plaintiff, a surgery center, filed a complaint alleging "[defendant] provides health insurance plans 'typically subject to and governed by ERISA . . . ; serves as the claims administrators of those plans . . . . Plaintiff provided surgery services to 9 patients covered under these plans . . . . for which the plans '*typically* pay . . . something in the range of 50%–100% of [the provider's] billing amounts." *Id.* at *1 (emphasis added). "Plaintiff [sought] to recover benefits for 16 surgery events it billed to [defendant] between 2013 and 2016, for which [defendant] provided only partial payment." *Id.* at *2. The court dismissed the complaint because "[p]laintiff [did] not identify any specific plan at issue, nor plead other facts that plausibly demonstrate that the patients at issue are participants in a plan governed by ERISA." *Id.* at *5. "Plaintiff's conclusory allegations [were] insufficient." *Id.* The court also noted that plaintiff failed "to adequately describe the provision of any plan that purportedly entitles it to benefits." *Id.* The court summarized the plaintiff's allegations as "simply identif[ying] various medical events by the date it submitted a claim to [defendant], the amount it billed, and the amount [defendant] paid," and providing a percentage range at which defendant allegedly typically paid. *Id.* The court held that "[t]hese allegations are insufficient to permit the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, to enable [defendant] to defend itself effectively, or to require [defendant] to be subjected to the expense of discovery and continued litigation." *Id.* (internal quotation marks omitted).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

South Coast brings a nearly identically deficient claim here. South Coast alleges that some of its patients have ERISA plans, that the plans may contain various reimbursement methodologies and that in each instance, Anthem underpriced, undervalued, and underpaid on these claims. FAC ¶ 51. These speculative and conclusory allegations are not sufficient, as the court in *Brand Tarzana* made clear.

South Coast also relies on the BlueCard Provider Manual seemingly to illustrate how Anthem interacts with other Blue plans under the Blue Card Program.  However, its reliance on the Manual to attempt to cure the defects of the Complaint is perplexing because nowhere in the FAC does South Coast allege that the Manual is an ERISA plan; and it is clear from the Manual itself that it is not. The Manual provides information and instructions to participating providers (which South Coast is not) about the submission of BlueCard claims, that is, claims for health care services rendered to patients enrolled in other, out-of-state Blue health plans. Manual, Ex. A to FAC, at p. 1 ("This manual describes the advantages of the BlueCard Program, and offers information to make filing claims easy.") The Manual, however, neither sets forth nor imposes any obligations on Anthem regarding claims payment. *Id.*  Nor does the Manual contain any coverage or benefit provisions, or set forth any exclusions or other language specifying the circumstances under which a claim may be denied. *Id*. Indeed, the Manual is not even directed to members. In short, the Manual is not a substitute for pleading the terms of the plans at issue.

South Coast's ERISA claim is also deficient because it fails to identify, much less provide details, regarding the claims it contends were denied.  At most, South Coast alleges that its placement on pre-payment review resulted in the denial of claims "on no grounds at all, or on nebulous grounds such as 'general industry standards' that bore no relationship to the ERISA Plans at issue." FAC, ¶ 25  South Coast, however, neither specifies which of the 65 claims were denied as a result of pre-payment review nor cites any of the coverage and/or exclusionary terms of the plans that Anthem is alleged to have ignored in this case thus leaving the reasons for the payment amounts or denials

– 9 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

to speculation. This omission is fatal to its claims for ERISA benefits. *See RMP Enterprises, LLC*, 2018 WL 6110998, at *6 (Provider's ERISA claim incurably defective because the complaint "does not make clear what claims Defendants denied" and because "Plaintiffs make no effort to specify which claims were allegedly underpaid, not paid, paid late, or the subject of [defendant's] alleged recoupment demand.").[5]

These deficiencies become even more pronounced for those claims involving health plans that Anthem neither administered nor issued – the vast majority of the claims identified in the FAC. Because those claims do not involve Anthem members, Anthem has no access to the underlying plan documents or to the records documenting the adjudication of their claims -- documents that would comprise the administrative record in this case. This is significant because Plaintiff has the burden of proving that it is entitled to the plan benefits it seeks. *See Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010)(noting that a plaintiff suing under Section 1132(a)(1)(B) has the burden of proving entitlement to plan benefits); *Warmenhoven v. NetApp, Inc.*, 13 F.4th 717, 722 (9th Cir. 2021) ("The plaintiff bears the burden of proof on a §1132(a)(1)(B) claim.") Without the plan documents or underlying claim materials, South Coast cannot satisfy its burden of demonstrating its entitlement to benefits under

_____

[5] In a misguided effort to shirk its obligation to plead the plan terms, South Coast alleges that it is somehow Anthem's fault that it does not have copies of the plan documents (even though most of the plans are not Anthem issued or administered), claiming that Anthem "had a duty to provide the Plan documents and failed to do so during the administrative process[,]" (FAC, ¶ 50). This allegation does not negate its obligation to plead plan terms. Courts in this jurisdiction have rejected similar burden-shifting arguments even when alleged in the complaint. *See Simi Surgical Ctr., Inc. v. Conn. Gen. Life Ins. Co.*, 2018 U.S. Dist. LEXIS 199045, at *10 (C.D. Cal. Jan. 4, 2018) (rejecting plaintiff's attempt to negate its pleading burden for stating an ERISA claim based on its allegation that plan documents were requested but not provided). Moreover, South Coast's effort to blame Anthem is premised on a fundamental misunderstanding of ERISA's disclosure requirements. Under ERISA, the duty to furnish plan documents rests solely with plan administrators. *See* 29 C.F.R. § 2560.503-1 (1)(g); 29 U.S.C. §§1021(a) and 1024(b)(4). A plan administrator is defined under ERISA as either the person specifically designated as such in the plan document or the plan sponsor, *i.e.*, the employer. 29 U.S.C. § 1002(16)(A). Plaintiff alleges no facts that Anthem is a designated plan administrator or plan sponsor for any of the plans at issue. Furthermore, even assuming, as Plaintiff alleges, Anthem provided claim administrative services for some or all of the plans at issue, any purported role as a claims administrator does not bring Anthem within the reach of the disclosure obligations of sections 1021 or 1024. *See Mondry v. American Family Mutual Insurance Co.*, 557 F.3d 781, 794 (7th Cir. 2009); *Moran v. Aetna Life Insurance Co.*, 872 F.2d 296, 299 (9th Cir. 1989).

– 10 –

plans administered or issued by third-party health plans.

In short, South Coast fails to satisfy the requirement to plead plan terms as outlined by this Court and the numerous authorities governing the proper pleading of a claim for ERISA benefits under §1132(a)(1)(B). Having this failed to cure the deficiencies of the Complaint, the FAC should therefore be dismissed without leave to amend.

## V.    CONCLUSION

For the reasons set forth above, Anthem respectfully asks the Court to grant its motion to dismiss South Coast's FAC in its entirety and with prejudice.


DATED:  October 30, 2024


REED SMITH LLP

By: /s/ *Amir Shlesinger*
Amir Shlesinger
Carol B. Lewis
Jonathan S. Barrera

Attorneys for Defendant
Blue Cross of California d/b/a Anthem Blue Cross

1

## CERTIFICATION OF COUNSEL [L.R. 11-6.2]

2      The undersigned, counsel of record for Defendant Blue Cross of California

3   d/b/a Anthem Blue Cross, certifies that this brief contains 3,846 words, which

4   complies with the word limit of L.R. 11-6.1.

5

6   October 30, 2024

7                                    /s/ Amir Shlesinger
8                                    Amir Shlesinger

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES